

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECA BRINKLY WARD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PAD PROPERTIES GROUP, LP, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:25-cv-00698-CAB-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING COMPLAINT** |

On March 25, 2025, Plaintiff Rebeca Brinkley Ward filed a complaint against Defendants PAD Properties Group, LP, West Star Properties, C&J Legacy Residential, LLC, and Adain Perone. [Doc. No. 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] For the reasons outlined below, Plaintiff's IFP motion is **GRANTED**, and her complaint is **DISMISSED** with leave to amend.

**I.     Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); S.D. Cal. CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without

payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In support of her application, Plaintiff lists no assets. [Doc. No. 2 at 3.] She receives $1,030 in public assistance. [*Id.* at 2.] She lists her average monthly expenses at $2,135 and provides some detail to support this amount. [*Id.* at 4–5.] Her expenses are greater than her source of income, which appears to be solely public benefits. Based on the "particularity, definiteness and certainty" in the information provided, the Court is persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. The motion to proceed IFP is **GRANTED**.

**II.      Screening of the Complaint Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Nevertheless, upon granting a request to proceed IFP, the Court must additionally analyze a complaint's sufficiency under 28 U.S.C § 1915. A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

The Court construes Plaintiff's complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff alleges a series of state and common law claims related to a residential property she rented at some point. [*See* Doc. No. 1.] Plaintiff does not assert a single federal claim.

The only way this Court would have jurisdiction over Plaintiff's complaint is through diversity jurisdiction, which requires complete diversity between the parties. 28 U.S.C. § 1332. More simply, Plaintiff cannot be a citizen of a state that is the same as any Defendant. *Id.*; *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). As alleged in her complaint, Plaintiff is a California resident along with Defendant PAD Properties Group, LP.[1] [*See* Doc. No. 1-1 ("County of Residence of First Listed Defendant [PAD Properties Group, LP]: San Diego").] Thus, the parties are not diverse and the Court lacks jurisdiction over this case.

Plaintiff may amend her complaint to either properly plead complete diversity or a federal claim. Plaintiff is instructed to clearly identify the citizenship of each Defendant in any amended complaint.

///
///
///

---

[1] Plaintiff also appears to establish in her complaint caption that Defendant Adain Perone resides at 10152 Black Mtn. Rd., San Diego, CA 92126. [Doc. No. 1 at 1.]

### III. Conclusion

The Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES** Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1). Plaintiff shall have until April 24, 2025 to amend her complaint. Plaintiff's amended complaint must be complete by itself without reference to her original pleading. Defendants not named and claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1(a); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Plaintiff is reminded that federal courts are required to examine jurisdiction *sua sponte*—meaning on their own initiative. *See Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

It is **SO ORDERED**.

Dated: April 3, 2025

Hon. Cathy Ann Bencivengo
United States District Judge